**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **V.H.N.,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Case No. 4:25-cv-514-CDL-CHW** |
| | : | **28 U.S.C. § 2241** |
| **Warden, STEWART DETENTION** | : | |
| **CENTER,** | : | |
| | : | |
| **Respondent.** | : | |
| | : | |

## ORDER AND RECOMMENDATION

Before the Court is Respondent Warden of Stewart Detention Center's motion to dismiss (Doc. 5) Petitioner V.H.N.'s application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). For the following reasons, it is **RECOMMENDED** that Respondent's motion to dismiss (Doc. 5) be **GRANTED**.

## BACKGROUND

Petitioner, a native and citizen of Vietnam, was admitted into the United States on June 30, 1982, as a lawful permanent resident. (Docs. 5-1, ¶ 4; 5-2). In February 2006, Petitioner was convicted of receiving stolen property and possession for sale of a controlled substance in California. (Doc. 5-3). Immigration and Customs Enforcement, Enforcement and Removal Operations ("ICE/ERO") served Petitioner with a Notice to Appear ("NTA") on January 8, 2007, charging Petitioner with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). (Docs. 5-1, ¶ 6; 5-4). On February 8, 2007, an Immigration Judge ordered Petitioner removed to Vietnam. (Doc. 5-5). Petitioner waived his right to appeal, and so his appeal became final that day. (*Id.*).

1

Petitioner was released into the United States on May 15, 2007, under an Order of Supervision ("OSUP"). (Doc. 5-6). Petitioner was subsequently convicted in California on January 30, 2008, for possession of a controlled substance. (Doc. 5-7). ICE/ERO assumed custody of Petition on September 26, 2008, and returned him to the San Bernardino County Jail under an OSUP. (Docs. 5-5, ¶ 9; 5-8). Petitioner returned to ICE/ERO custody on September 16, 2025. (Doc. 5-5, ¶ 10). ICE/ERO presented Petitioner with an application for a travel document that day which Petitioner completed. (*Id.*, ¶ 11). ICE/ERO sent a travel document request packet to ERO headquarters on December 1, 2025, and requested an update on December 31, 2025. (*Id.*, ¶ 12–13). Petitioner was still detained as of February 17, 2026, the date of Petitioner's response Respondent's motion to dismiss. (Doc. 8).

Petitioner filed this habeas action pursuant to Section 2241 on December 21, 2025. (Doc. 1). Respondent filed a motion to dismiss on January 20, 2026. (Doc. 5). Petitioner filed a response to that motion on February 17, 2025. (Doc. 8). This motion is ripe for review.

## DISCUSSION

Respondent moves the Court to dismiss Petitioner's habeas petition, arguing that the petition is premature and, alternatively, that Petitioner has failed to meet his evidentiary burden under *Zadvydas* to show that there is no significant likelihood of removal in the reasonably foreseeable future.

Under § 1231(a), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This removal period begins on the latest of three triggering dates:

(i) The date the order of removal becomes administratively final.

2

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* at §§ 1231(a)(2)(B)(i)–(iii).

Detention during this 90-day "removal period" is mandatory. *Id.* at § 1231(a)(2)(A). This removal period shall be extended "and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." *Id.* at § 1231(a)(1)(C). Detention may continue beyond the 90-day period if it is "reasonably necessary" to effectuate removal. *Zadvydas*, 533 U.S. at 689; 8 U.S.C. § 1231(a)(6).

Although § 1231(a)(6) does not limit the length of post-final order of detention, the Supreme Court of the United States determined in *Zadvydas* that detention for six months is presumptively reasonable. *Zadvydas*, 533 U.S. at 701. Following this six-month period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable further, the Government must respond with evidence sufficient to rebut that showing." *Id.* The United States Court of Appeals for the Eleventh Circuit has explained that for an alien to state a claim under *Zadvydas*, he must show "(1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) 'evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009) (quoting *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002)). Only if a petitioner

makes both of these showings does the burden shift to the respondent to rebut with evidence. *Zadvydas*, 522 U.S. at 701.

Respondent argues that Petitioner's Section 2241 petition should be dismissed as premature because Petitioner had not been detained for longer than six months as of the date of Petitioner's filing. Respondent contends that the reasonable six-month removal period commenced on September 16, 2025, the date Petitioner most recently entered ICE custody. (Doc. 5, p. 6). If this is the applicable date, Petitioner's habeas action, filed on December 21, 2025, is approximately three months premature. In such a situation, Petitioner was still being detained within the presumptively reasonable time frame under *Zadvydas*, and his petition should be dismissed without prejudice as premature.[1]

Respondent argues next that Petitioner's Section 2241 petition should be dismissed because Petitioner has not met the second prong of *Zadvydas*, under which a petitioner "must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052. In his Section 2241 petition and response to the motion to dismiss, Petitioner asserts that he is not likely to be removed in the reasonably foreseeable future. (Docs. 1, 8). Specifically, Petitioner asserts that Vietnam is refusing to accept detainees, like Petitioner, who entered the United States before 1995. (Doc. 8, p. 1).

---

[1] Any argument that a period of detention prior to Petitioner's current detention should count towards the presumptively reasonable six-month period has previously been rejected by this Court. *See Meskini v. Att'y Gen. of United States*, No. 4:14-CV-42-CDL, 2018 WL 1321576, at *4 (M.D. Ga. Mar. 14, 2018) ("A strong argument exists that the *Zadvydas* removal period did not even begin until . . . Petitioner was returned to ICE custody after serving his criminal prison sentence."); *see also M.K. v. Warden, Stewart Det. Ctr.*, No. 4:23-cv-136-CDL-MSH (M.D. Ga. filed Oct. 19, 2023), report and recommendation adopted, No. 4:23-cv-136-CDL-MSH (M.D. Ga. filed Dec. 1, 2023).

Affecting Petitioner's impending removal are a 2008 agreement between the United States and Vietnam ("2008 Agreement") [2] and a 2020 memorandum of understanding between the United States and Vietnam ("2020 MOU"). (Doc. 5-10). The 2008 Agreement provided for the repatriation of Vietnamese citizens who arrived in the United States on or after July 12, 1995. The 2008 Agreement provides further than any Vietnamese citizens who entered the United States before that date "are not subject to return to Vietnam under this agreement." Because the evidence establishes clearly that Petitioner entered the United States well before July 12, 1995, Petitioner would not be removed to Vietnam pursuant to the 2008 Agreement. Respondent contends, however, that there are changed circumstances justifying the revoking of Petitioner's OSUP. Respondent argues that the 2020 MOU specifically permits the removal of Vietnamese nationals who entered the United States before July 12, 1995. (Doc. 5, p. 10). Petitioner argues that significant time has passed and that one of the criteria to be considered under the 2020 MOU is a verifiable Vietnamese citizenship, which Petitioner states he does not have. (Doc. 8, pp. 2–3).

In this case, Petitioner has not met his burden of showing a significant likelihood of removal in the reasonably foreseeable future. Nor has Petitioner provided the Court with good reason sufficient to shift the burden to Respondent. His assertion of the passage of time since ICE/ERO submitted a travel document request is not sufficient. *Ortiz v. Barr*, No. 20-CV-22449, 2021 WL 6280186, at *5 (S.D. Fla. Feb. 1, 2021) ("[T]he mere existence of a delay of Petitioner's deportation is not enough for Petitioner to meet his burden." (citations omitted)), report and recommendation adopted, No. 20-22449-CIV, 2022 WL 44632 (S.D. Fla. Jan. 5, 2022). Even if

---

[2] While neither party included the 2008 Agreement as part of the record in this case, the Court has considered this issue in a recent case. *T.C.T. v. Warden, Stewart Det. Ctr.*, No. 4:25-cv-373-CDL-CHW (M.D. Ga. filed Dec. 22, 2025). As such, the Court is aware of the existence and content of the 2008 Agreement.

the burden were shifted to Respondent, Respondent has shown a significant likelihood or removal in the reasonably foreseeable future. In support of his argument, Respondent provided a declaration from Jeffrey Knowles, a Deportation Officer employed by DHS and ICE/ERO. (Doc. 5-2). Mr. Knowles declared that "ICE/ERO removed 699 Vietnamese nationals to Vietnam in fiscal year 2025." (*Id.*, ¶ 15). This assertion, along with Mr. Knowles' statements that ICE/ERO has sent a travel document request form to ERO headquarters and that in 2026 "travel documents have been issued with 30 days from presenting the request to the government of Vietnam" is sufficient to show a significant likelihood of removal in the reasonably foreseeable future.

## CONCLUSION

For the reasons discussed herein, it is **RECOMMENDED** that Respondent's motion to dismiss (Doc. 5) be **GRANTED**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Any objection is limited in length to TWENTY (20) PAGES. See M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for

failing to object. In the absence of a proper objection, however, the court may review on appeal

for plain error if necessary in the interests of justice."

       **SO RECOMMENDED**, this 4th day of March, 2026.


                                     s/ Charles H. Weigle
                                     Charles H. Weigle
                                     United States Magistrate Judge